## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

TELISSAH R. JOHNSON )
)
        Plaintiff, )
)
v. )    Case No.: 4:24-cv-00321
)
JACKSON COUNTY, MISSOURI, )    **JURY TRIAL DEMANDED**
)
ERIC LYLES, )
)
JOSEPH TURLEY, )
)
        Defendants. )

## COMPLAINT

Plaintiff TeLissah R. Johnson alleges as follows:

## INTRODUCTION

1.　　In this civil rights action, brought pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the Constitution of the United States, and Article I, section 15 of the Missouri Constitution, Plaintiff TeLissah R. Johnson seek judgment against Jackson County, police officer Eric Lyles, and police officer Joseph Turley, for entering her home late at night, without a warrant to conduct an unreasonable search and seizure.

## PARTIES

2.　　Plaintiff TeLissah R. Johnson is a citizen of Missouri who resides in Jackson County, Missouri.

3.　　Defendant Jackson County is a political subdivision and charter county of the State of Missouri. Mo. Const. art. VI, § 1, § 18.

4.　　Defendant Eric Lyles is a police officer employed by Jackson County who was, at all times relevant to this complaint, acting under the color of law. He is sued in his individual

capacity.

5. Defendant Eric Lyles was, at all times relevant to this complaint, a police officer employed by Jackson County and acting under color of law. He is sued in his individual capacity.

## JURISDICTION AND VENUE

6. The Plaintiff brings these claims pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution, incorporated as against States and their municipal divisions through the Fourteenth Amendment, and Article I, section 15 of the Missouri Constitution.

7. The jurisdiction of this Court is proper pursuant to 28 U.S.C. § 1331, because the Plaintiff's action arises under the Constitution of the United States, and § 1343(a)(3) to redress the deprivation of a right secured by the Constitution of the United States.

8. This Court has supplemental jurisdiction of Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

9. Venue is proper in the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Jackson County, Missouri.

10. Divisional venue is proper in the Western Division because the events leading to the claim for relief arose in Jackson County and Defendant is Jackson County. W.D. Mo. L.R. 3.2.

## FACTS

11. At or around 10:10 p.m., on October 23, 2023, the Plaintiff heard someone knocking on the front door to her residence. The Plaintiff was able to see on her security camera that the person, a woman, was a lady that she did not know or recognize.

12. The Plaintiff did not open her door for the said lady, but later at approximately 10:15 p.m., the Plaintiff was able to see her former boyfriend on her video camera, knocking on her front door.

13. The Plaintiff is afraid of her former boyfriend, who she believes is a drug abuser and who is abusive, so she also did not open her door for him.

14. The Plaintiff next saw on her camera, two Kansas City, Missouri police officers that she believes to be Erick Lyles and Joseph Turley.

15. Ms. Johnson heard a voice that she believes to be her former boyfriend say, "I'm right here." She then heard one of the officers say, "Oh hey, there you are", and then the two officers went down some stairs towards the sound of the first voice.

16. Sometime later, Ms. Johnson saw one of the officers knocking on her front door. Ms. Johnson from behind her closed door, said, "… get away from my door please." One of the officers then said, "No ma'am I need to talk to you, open the door please."

17. Ms Johnson then said, "No you don't." The officer responded, "Yes I do" to which Ms. Johnson responded, "For what?" The officer then repeated, "I need to talk to you."

18. Ms. Johnson next repeated, "For what?" The Plaintiff then partially opened her front door, peeking her head between the door and the door frame, as she stated, "If you come in here, I'm suing y'all." The officer then said to Ms, Johnson, "You are under arrest." Ms. Johnson again asked, "For what?" The officer then stated, "For violating an order of protection." The officer next forced his way into Ms. Johnson's home, as Ms. Johnson screamed and attempted to explain that she does not have an order of protection filed against her.

19. Ms. Johnson only had on her bra and underwear because she was prepared for her bedtime when the officer forced his way into her home. The officer presented no warrant

to Ms. Johnson and Ms. Johson did not invite the officers into her home.

20. Both officers ended up inside Ms. Johnson's home and the officers handcuffed Ms. Johnson while she remained in her bra and underwear.

21. While the officers were in Ms. Johnson's home, they searched her home, but they would not tell the Plaintiff what they were looking for.

22. The officers went to the Plaintiffs home on a complaint of a disturbance, by Ms. Johnsons former boyfriend, who waws unable to enter Ms. Johnson's home. The said former boyfriend told the officers that he had "important legal documents" at Ms. Johnson's home.

23. Ms. Johnson's former boyfriend has never lived at her home, and he does not, in fact, have any of his belongings at her home.

24. The said former boyfriend also told the officers that the Plaintiff was his wife but that is also untrue.

25. There was not an order of protection issued against Ms. Johnson, and that assertion was also untrue.

26. The police officers will not deny arresting Ms. Johnson or searching her home.

27. The police officers recorded the entry, arrest, and search of Ms. Johnson's home, on the cameras that they wore, when they forced their way into Ms. Johnson's home without justification.

28. The police officers eventually took the handcuffs off Ms. Johnson, and then left her home without offering any explanation concerning why the officers forced their way into her home and placed her in handcuffs.

29. The officers alarmed, frightened, and humiliated Ms. Johnson during the encounter.

30. Because of these events, Ms. Johnson continues to feel insecure in her home and

she feels frightened and depressed when she is home alone at night.

## COUNT I: FOURTH AMENDMENT

*Violation of Fourth Amendment rights — 42 U.S.C. § 1983 — against Defendants*

*Erick Lyles and Joseph Turley*

31. The Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this complaint as fully set forth herein.

32. The Defendants Erick Lyles and Joseph Turley unreasonably entered and conducted an unreasonable warrantless search of the Plaintiff's home in violation of the Fourth Amendment.

33. The Defendants Erick Lyles and Joseph Turley conducted an unreasonable seizure of Ms. Johnson's person, by forcing their way into her home and handcuffing her in her home in the middle of the night.

34. The Defendants Erick Lyles and Joseph Turley had no probable cause to enter or conduct a search of the Plaintiff's home.

35. The Defendants Erick Lyles and Joseph Turley had no reasonable suspicion that the Plaintiff, or anyone inside her home had committed any criminal activity.

36. It was clearly established as of October 23, 2023, that entering and searching a private residence without probable cause, or a warrant violates the Fourth Amendment.

37. It was clearly established as of October 23, 2023, that uniformed police officers forcing their way into the home of an unarmed person without reasonable suspicion of criminal activity, is an unreasonable seizure that violates the Fourth Amendment.

38. No exception to the presumptive per se unreasonableness of a warrantless home search or the unreasonable seizure of a person even arguably applied under the facts of this case.

39. The Plaintiff did not consent to Defendants Erick Lyles and Joseph Turley

entering her home, searching her apartment, or seizing her person by forcing their way into her home and placing her in handcuffs.

40.     The Defendants, officers Erick Lyles and Joseph Turley, were acting under color of law in subjecting the Plaintiff to the violation of her rights as secured by the Fourth Amendment.

41.     By unlawfully entering the Plaintiff's home, conducting a warrantless search, and placing Ms. Johnson in handcuffs in the middle of the night, without even arguably appropriate justification, the Defendants officers Erick Lyles and Joseph Turley acted with reckless and callous indifference to the Plaintiff's Fourth Amendment rights.

42.     The Plaintiff suffered damages because of Defendant's acts.

WHEREFORE, the Plaintiff prays this Court:

    A. Enter judgment in favor of Plaintiffs and against Defendants Erick Lyles and Joseph Turley;

    B. Award the Plaintiff nominal, compensatory, and punitive damages against Defendants Erick Lyles and Joseph Turley;

    C. Award the Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

## COUNT II: UNREASONABLE SEARCH AND SEIZURE

*Missouri Constitution art. 1, § 15 — against Defendants Erick Lyles and Joseph Turley*

43.     The Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

44.     The Defendants Erick Lyles and Joseph Turley unlawfully entered and conducted an unreasonable warrantless search of the Plaintiff's home in violation of article I,

section 15 of the Missouri Constitution.

45.     The Defendants Erick Lyles and Joseph Turley conducted an unreasonable seizure of Ms. Johnson's person, by forcing their way into her home and placing her in handcuffs, in her home, in the middle of the night, in violation of article I, section 15 of the Missouri Constitution. WHEREFORE, the Plaintiff prays this Court:

    A. Enter judgment in favor of the Plaintiff and against Defendants Erick Lyles and Joseph Turley;

    B. Award the Plaintiff nominal and compensatory damages against Defendants Erick Lyles and Joseph Turley;

    C. Award the Plaintiff reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    D. Allow such other and further relief as the Court deems just and proper.

## COUNT III: MUNICIPAL LIABILITY

*42 U.S.C. § 1983 — against Defendant Jackson County, Missouri*

46.     The Plaintiff incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

47.     The Defendant Jackson County failed to train and supervise Defendants Erick Lyles and Joseph Turley on the requirements of the Fourth Amendment.

48.     The Defendant Jackson County's failure to require written explanation when officers enter, and conduct a search of, a private residence without a warrant, demonstrates its authorization of the officers' violation of the Fourth Amendment prohibition on unreasonable searches and its obvious failure to train or supervise.

49.     The Defendant St. Louis County's failure to require written report or explanation when officers draw their weapons and point them at a private citizen

demonstrates its authorization of the officers' violation of the Fourth Amendment prohibition on unreasonable seizures and its obvious failure to train or supervise.

50. The officers' warrantless search and unreasonable seizure were conducted pursuant to policy or custom of Jackson County.

51. As a direct and proximate result of Defendant Jackson County's customs, policies, and failure to train or supervise, the Plaintiff sustained damages.

WHEREFORE, the Plaintiff prays this Court:

A. Award Plaintiff nominal and compensatory damages against Defendant Jackson County for its violation of the Plaintiff's constitutional rights under color of state law;

B. Award Plaintiffs reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

C. Allow such other and further relief as the Court deems just and proper.

Respectfully submitted,

HENRY C. SERVICE, #61535 MO
The Service Law Offices of Kansas City, LLC
1601 East 18th Street
Suite 370
Kansas City, Missouri 64108
Phone: (816) 286-4140
henry@servicelaw.net
ATTORNEY FOR PLAINTIFF